IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWIGHT LOUERS, et al.     *
                           *
v.                                 *
                           *  Civil No. JKS 10-2292
                           *
SHANITA R. LACY, et al.     *
                           *

## MEMORANDUM OPINION

Plaintiffs/Counter-Defendants Dwight and Faith Louers (the Louers) filed this action against Shanita R. Lacy, Clarence Lacy, Clean Slate Financial Services, LLC, Transcontinental Title Company, First American Title Insurance Company, Challenge Financial Investors Corporation, and James Arnold Bennett (collectively, Defendants). First American Title Insurance Company (First American) subsequently filed a counterclaim against the Louers alleging that the Louers agreed to indemnify First American for any losses and that they committed fraud in executing the agreement which is the subject of this complaint. ECF No. 48. Pursuant to consent of the parties, this case was referred to me for all further proceedings. ECF No. 58. Presently pending is Plaintiffs' motion to dismiss First American's counterclaim. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Plaintiffs' motion to dismiss will be granted.

I.      **Background.**

The Louers are former owners of real property located at 7505 Marion Street, District Heights, Maryland. In 2007, they fell behind on their mortgage payments, and were put into contact with Defendants Shanita and Clarence Lacy and Clean Slate. The Louers allege that the Lacys and Clean Slate fraudulently represented to them that they could avoid foreclosure by assigning an investor, Defendant James Arnold Bennett, to whom their property would be sold

for a period of one year, and that during that year they could remain in their home while the mortgage, rent, and taxes were paid, after which their credit would be sufficiently repaired to allow them to repurchase their home. The Louers allege that they were ultimately deprived of the title to and significant equity in their property, in the amount of approximately $200,000.

The Louers further allege that the scheme was facilitated by the knowing cooperation of First American's predecessor Transcontinental, which acted as settlement agent for the Louers' transaction with Bennett. First American's counterclaim alleges that the Louers fraudulently failed to inform Transcontinental of their "side deal" with Bennett, and seeks indemnification and fraud damages.

First American has now consented to the dismissal of its indemnification count. Therefore, only the fraud count will be discussed.

## II.     Standard of Review.

The purpose of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is to test the sufficiency of the complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the pleader. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the court need not accept unsupported legal assertions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations unsupported by reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting FED. R .CIV. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III. Discussion.

To recover damages in an action for fraud, First American must prove:

> (1) that the [Louers] made a false representation to the[m], (2) that its falsity was either known to the [Louers] or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding [First American], (4) that [First American] relied on the misrepresentation and had the right to rely on it, and (5) that [First American] suffered compensable injury resulting from the misrepresentation.

*Nails v. S & R, Inc.*, 334 Md. 398, 415 (1994). Plaintiffs claim that First American has failed to adequately allege compensable damages. The counterclaim alleges that First American has suffered damages as a result of the Louers' false representation that the sale of their property was an arm's length transaction. ECF No. 48. In its opposition to the motion to dismiss, First American elaborates by alleging that it is entitled to nominal damages, that its actual damages

3

will be whatever amount may be awarded to the Louers, and that it is entitled to punitive damages in the form of attorney's fees.

Under Maryland law, nominal damages cannot be awarded in fraud cases because such cases require proof of an actual compensable injury. *See Blue Circle Atlantic, Inc. v. Falcon Materials, Inc.*, 760 F. Supp. 516, 520 (D. Md. 1991); *see also Schwartzbeck v. Loving Chevrolet, Inc.*, 27 Md. App. 139, 146 (1975) (recognizing that in contrast to trespass and other direct injuries, fraud requires the plaintiff to plead and prove actual damage). First American's reliance on *Shell Oil Co. v. Parker*, 265 Md. 631 (1972), for the proposition that nominal damages are appropriate where a tort has been committed is misplaced. *Parker* involved tortuous inference with contract, not fraud. The Court in *Hoffman v. Stamper*, 385 Md. 1 (2005), however, reiterated that a resulting compensable injury is an element of a fraud claim. *Id.* at 41 (citing *VF Corp. v. Wrexham Aviation Corp*, 350 Md. 693, 703 (1998)). An allegation that the other elements of fraud exist does not even imply that the pleader suffered a compensable injury, and does not warrant allowing the claim to proceed.

First American next argues that it will suffer compensable damage if it is required to reimburse the Louers for the settlement funds they gave to the Lacys. In other words, First American is contending that the Louers should not recover from First American because of their alleged misrepresentations. This is a defense to the Louers' action against First American, not a separately compensable cause of action.

Nor is First American entitled to seek punitive damages. A party who seeks punitive damages, "must make a specific demand for that relief in addition to a claim for damages generally, as well as allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with "actual malice." *Biktasheva v. Red Square Sports, Inc.*, 366

F. Supp. 2d 289, 296 (D. Md. 2005) (quoting *Scott v. Jenkins*, 345 Md. 21, 36 (1997)). First American did not specifically demand punitive damages in its counterclaim and thus cannot recover them. Of course, even if First American had properly pled a claim for punitive damages, it could not recover them because it suffered no actual compensable injury. *See Parker*, 265 Md. at 646 (holding that the plaintiff is not entitled to punitive damages because it has not shown that it suffered a compensable injury).

**V.      Conclusion.**

For the foregoing reasons, Plaintiffs' motion to dismiss is granted.

Date:  June 15, 2011                                          /S/
                                                      JILLYN K. SCHULZE
                                                   United States Magistrate Judge