IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DWIGHT LOUERS, et al. | * | |
| | * | |
| v. | * | Civil No. JKS-10-2292 |
| | * | |
| SHANITA R. LACY, et al. | * | |
| | * | |

**MEMORANDUM OPINION**

Pursuant to this court's order granting First American's Motion to Quash Subpoenas and for Attorney's Fees (ECF No. 65), First American now seeks a total of $5,974.65 in attorney's fees. For the reasons set forth below, First American will be granted fees in the amount of $4,623.15.

**I. Standard of Review.**

When analyzing a petition for attorney's fees, this court begins with the lodestar analysis, which involves multiplying the number of reasonable hours expended by a reasonable hourly rate. *See In re Beyond Systems, Inc. v. World Avenue USA, LLC*, 2011 U.S. Dist. LEXIS 53654, at *7 (D. Md. 2011); *In re Trustees of the Ironworkers Local Union, et al. v. Highland Ornamental Iron Works, Inc.*, 2010 U.S. Dist. LEXIS 7520, at *5–*6 (D. Md. 2010). Absent any circumstances that warrant adjustment, the lodestar amount will serve as the total fee award. *Wileman v. Frank*, 780 F. Supp. 1063, 1064 (D. Md. 1991). The court's most important consideration is the reasonableness of the lodestar-calculated fee amount. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010); *see also Obifuele v. 1300, LLC*, 2006 U.S. Dist. LEXIS 60043, at *33 (D. Md. 2006) ("[T]he Court must conduct its own independent review of fee petitions for reasonableness."). The court must determine reasonableness based on the following, known as the *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Landaeta v. Da Vinci's Florist, LLC*, 2011 U.S. Dist. LEXIS 122639 (D. Md. 2011) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010)); *see also Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226, n.28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989)). The Court need only consider the factors that are relevant to the facts of the particular case before it. *Obifuele*, 2006 U.S. Dist. LEXIS 60043, at *34.

## II. Discussion,

### 1. Reasonable Hourly Rate

First American should only be compensated at a reasonable hourly rate, and "[t]his requirement is met by compensating attorneys at the prevailing market rates in the relevant community." *Obifuele*, 2006 U.S. Dist. LEXIS 60043, at *34 (quoting *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (internal citations omitted)). The burden is on the fee applicant to produce such evidence. Appendix B of this court's Local Rules, although not by its terms applicable here, also provides some guidance for determining reasonable hourly rates. LOCAL RULES FOR U.S. DISTRICT OF MARYLAND, APPENDIX B.

All of the documented hours worked relevant to the Motion to Quash were performed by lawyers Brent M. Ahalt and Aaron D. Neal. Because First American has not provided alternative evidence as to the prevailing market rate, the court will apply the hourly rates outlined in the

Local Rules.  *See CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). Mr. Ahalt has been a member of the bar since 1997, and Mr. Neal since 2007.  Lawyers who have been admitted to the bar for a period of nine to fourteen years can be compensated an hourly rate between $225 and $300 per hour.  LOCAL RULES FOR U.S. DISTRICT OF MARYLAND, APPENDIX B(3).  Lawyers who have been admitted to the bar for fewer than five years can be compensated at an hourly rate between $150 to $190.  *Id.*  Mr. Ahalt's billing rate of $290 per hour is within the guidelines of the Local Rules and is reasonable.  However, Mr. Neal's proposed rate of $210 per hour shall be reduced to $190 per hour.

**2.  Sufficient Documentation of Time Billed.**

Just as with the reasonable hourly rate, the fee applicant has the burden of providing appropriate documentation of the hours spent on the matter in the petition.  *Obifuele*, 2006 U.S. Dist. LEXIS, at *38 (citing *Hensley v. Echerhart*, 461 U.S. 424, 422 (1983)).  Specifically, a fee applicant has the burden of submitting "contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."  *CoStar Group, Inc.*, 106 F. Supp 2d at 788.  Such records must specify the date, the hours expended, and the nature of the work done by each attorney.  *Id.* (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Circ. 1983)).  An attorney is not required to go into great detail about the use of each minute during the stated time period, but must at least identify the general subject matter of the expenditure.  *Id.* At 788–89 (quoting *Hensley*, 461 U.S. at 433, 437 n.12 (internal quotations omitted)).

First American has provided a table of expenditures, which specifies the attorney who completed the work, the date the work was performed, the description of the work, the hours

3

expended, the attorney's hourly rate, and the total fee for the work listed. (ECF No. 93 at 3–4). First American has sufficiently documented the time billed.

### 3. Reasonable Hours.

The court must review the petition for "billing judgment" to be sure that the fee applicant has "winnow[ed] the hours actually expended down to the hours reasonably expended." *CoStar Group, Inc.*, 106 F. Supp. 2d at 789. The court must also make sure that the hours listed are not "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). A fee applicant who spends "an inordinately large amount of time on a project" has failed to exercise the requisite billing judgment. *Obifuele*, 2006 U.S. Dist. LEXIS 60043, at *39–40. The relative experience of the attorney performing the work should be taken into account, particularly because "experienced counsel should not need quite so much time to research and draft the [necessary] papers." *Int'l Ass'n of Machinists & Aero Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 491 (D. Md. 2005). As previously mentioned, the *Johnson* factors relevant to the particular case provide guidance, and assist the court in determining "what constitutes an inordinately large amount of time." *Obifuele*, 2006 U.S. Dist. LEXIS 60043, at *40.

Here, First American expended 60.2 hours, totaling $5,439.00, on the Motion to Quash, alleging that this fee is reasonable and that all of the *Johnson* factors except "preclusion of employment" and "undesirability of the case" justify its requested amount. (ECF No. 93 at 5–6). The Louers contend that First American's requested fees are unreasonable and excessive, and that application of the *Johnson* factors warrants a reduction of the amount or no award at all. (ECF No. 96-1 at 3–12).

The court has previously determined that an award is appropriate, but the Louers are correct that the hours expended are somewhat excessive. As defense counsel appropriately

concedes, the issues were not particularly novel, (*See* ECF No. 93 at 5), nor did they require an unusual amount of skill.  Although the motion was drafted in the midst of discovery, there was no impending deadline that caused time pressure.  (*See* ECF No. 93 at 3).  Counsel gave First American a 15% discount, there is no contingency fee involved, and preclusion of employment and undesirability of the case do not apply.

On July 13, 2011, it should not have taken Mr. Neal almost three hours to review the six improperly-served subpoenas, exchange three e-mails, and have a brief telephone conversation with Plaintiffs' counsel.  The court notes that Mr. Ahalt was able to review the same e-mails and subpoenas, as well as conference with Mr. Neal, in only 30 minutes.  On August 17 and August 22, 2011, Mr. Ahalt drafted a Reply to Plaintiffs' Opposition, billing a total of 8.5 hours.  (ECF No. 93 at 4).  In comparison, even when adding the total time for drafting, editing, and finalizing, it only took Mr. Neal, a less-experienced attorney, 4.4 hours to write the initial Motion to Quash, and the Reply brief included much of the same content that was raised in the initial motion, such as an almost-identical recitation of the facts, arguments regarding the irrelevance of the information that the Louers sought in their improperly-issued subpoenas, and an analysis of the Rule 45 violation.

It was also unnecessary to have two attorneys work on every detail of the motion, which resulted in duplicative work.  For example, on July 18, 2011, Mr. Ahalt reviewed e-mails from Plaintiffs' counsel regarding the Louers' request for First American to withdraw its Motion to Quash, and Mr. Neal then reviewed the same e-mails.  (ECF No. 93 at 3).  *Id.*  A similar duplication of work took place on July 13, 2011.

The following billing entries will be amended, and the award of fees adjusted, as follows:

| Date | Initials | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 7/13/2011 | ADN | Review improperly served subpoenas from opposing counsel, calls and e-mails from opposing counsel re discovery violations and motion to quash subpoenas | 1.50 | 190.00 | 285.00 |
| 7/14/2011 | ADN | Email to opposing counsel regarding withdrawal of subpoenas | 0.20 | 190.00 | 38.00 |
| 7/14/2011 | ADN | Begin drafting motion to quash subpoenas and for sanctions | 2.10 | 190.00 | 399.00 |
| 7/14/2011 | ADN | Finish draft of motion to quash subpoenas | 2.30 | 190.00 | 437.00 |
| 7/18/2011 | ADN | Review/reply to email from opposing requesting withdrawal of motion to quash subpoenas | 0.20 | 190.00 | 38.00 |
| 8/17/2011 | BMA | Draft reply to quash subpoena | 2.00 | 290.00 | 580.00 |
| 8/22/2011 | BMA | Draft reply re motion to quash, edit and finalize for filing | 2.50 | 290.00 | 725.00 |
| 8/22/2011 | ADN | Revise draft reply to response to motion to quash subpoenas | 0.50 | 190.00 | 95.00 |
| | | Subtotal | | | $5,439.00 |
| | | 15% discount | | | - $815.85 |
| | | **Total Fees Related to Motion to Quash** | | | **$4,623.15** |

## I.       Conclusion.

For the foregoing reasons, First American's Petition for Attorney's Fees will be granted in the amount of $4,623.15.

Date: December 14, 2011                                                             /S/
                                                                                          JILLYN K. SCHULZE
                                                                         United States Magistrate Judge