IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DWIGHT LOUERS, et al. | * | |
| | * | |
| | * | |
| v. | * | Civil No. JKS-10-2292 |
| | * | |
| SHANITA R. LACY, et al. | * | |
| | * | |

**MEMORANDUM OPINION**

Pursuant to this court's order granting the Louers' Motion for Leave to File a Surreply in Response to First American's Petition for Attorney's Fees, ECF No. 103, the Louers request that this court reconsider its order awarding attorney's fees in the amount of $4,623.15 to defendant First American. (ECF No. 102; *see also* ECF No. 101). The court agreed to treat the Louers' Motion for Leave to File a Surreply as a motion for reconsideration of the fee award. For the reasons set forth below, the original order will be affirmed.

**I.     Background.**

On October 7, 2011, this court granted First American's Motion to Quash improperly issued subpoenas and awarded attorney's fees to First American. (ECF No. 88). Pursuant to that order, First American detailed its expenditures related to the Motion to Quash, (ECF No. 93), and the Louers filed their opposition, taking particular issue with defense counsel Aaron Neal's July 13, 2011, billing entry, which reads as follows:

| Date | Initials | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 7/13/2011 | ADN | review improperly served subpoenas from opposing counsel, calls and e-mails from opposing counsel re discovery violations and motion to quash subpoenas | 2.90 | 210.00 | 609.00 |

(ECF No. 93 at 3). In disputing the above entry, the Louers alleged that First American overstated the amount of time expended for the listed activities, and that it was "difficult to

believe that more than one half hour could have been expended" because on that day only "three (3) emails were sent between counsel for the parties and Mr. Schupak had a brief telephone conversation with Mr. Neal that literally lasted minutes." (ECF No. 96-1 at 4).  In Reply, First American countered that "[t]here were at least two telephone conversations between Mr. Neal and Mr. Schupak on [July 13, 2011] where at least one lengthy discussion occurred about alternate remedies for Plaintiffs' violation of Rule 45." (ECF No. 99 at 3).  First American also noted that the Louers had failed to provide any evidence of the time spent by their own counsel regarding the billing entry in question. (*Id.*)  The court reduced the disputed billing entry to 1.5 hours. (ECF No. 101 at 6).

On December 14, 2011, the Louers filed the present Motion, attaching a copy of their counsel's cell phone record indicating a phone call at 5:36 p.m. on July 13, 2011, that lasted approximately 13 minutes.[1]  (ECF No. 100-1 at 3).  Plaintiffs' counsel Sidney Schupak attests that this is a complete record of his cell phone calls on that date and that he was not in his office that day.  (ECF No. 100 ¶¶ 6–7; ECF No. 116-1 at 2–3).

**II.      Standard of Review.**

Under Federal Rule of Civil Procedure 54(b), an interlocutory order "may be revised at any time" before the entry of a final judgment.  FED. R. CIV. P. 54(b); *St. Anne's Dev. Co., LLC v. Trabich*, 2012 U.S. Dist. LEXIS 4323, at *9 (D. Md. 2012).  Reconsideration of an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," but such reconsideration is instead "within the plenary powers of the Court and can be made as justice requires." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *Beyond Sys. v. Kraft Foods, Inc.*, 2010 U.S. Dist. LEXIS 78689, at *3 (D. Md. 2010).  "A motion for reconsideration under Rule 54(b) may not be used merely to reiterate

---

[1] First American's counsel's phone service provider does not maintain such records. (ECF No. 115 at 5, n. 2).

arguments previously rejected by the court." *Sall v. Bounassissi*, 2011 U.S. Dist. LEXIS 135981, at *6 (D. Md. 2011).

This court "adhere[s] to a fairly narrow set of grounds on which to reconsider interlocutory orders and opinions." *Id.* (quoting *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005)). "Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Id.* Although these factors are the most commonly considered when evaluating interlocutory orders, they are not exhaustive or binding, and other rationales for reconsideration may include "accommodating judicial mistake, inadvertence, surprise or excusable neglect; or any other reason justifying relief from the operation of the judgment." *Insalaco v. Anne Arundel Co. Pub. Schs*, 2011 U.S. Dist. LEXIS 134110, at *3 (D. Md. 2011) (quoting *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 2010 U.S. Dist. LEXIS 37128, at *2 (D. Md. 2010)).

**III.   Analysis.**

The Louers contend that the cell phone record "memorialize[s] the fact that there was only one conversation" on July 13, 2011, between counsel for the parties, and that First American thus misrepresented that defense counsel Aaron Neal had "at least two conversations" with plaintiffs' counsel. (ECF No. 110 at ¶ 2, 7). The Louers contend that this information is "relevant not only because it directly contradicts Defendant's representations to this Court regarding the billing records at issue in [defendant First American's] Petition [for Attorney's Fees], but also because it casts serious doubt over the credibility of the representations made to this Court by Mr. Neal." (ECF No. 100 at ¶ 8). The Louers thus claim both that the particular

billing entry is flawed and also that Mr. Neal's credibility is impeached such that no award is proper.

First American argues that the phone record was available when the Louers filed their November 28, 2011, Opposition to First American's Petition for Attorney's Fees, and also that the record is incomplete, inadmissible, and provides no evidence that additional phone conversations did not occur. (ECF No. 115 at 4–6). "Newly discovered evidence" is defined as "evidence that was unavailable at the time of the court's order." *Beyond Sys.*, 2010 U.S. Dist. LEXIS 78689, at *6 (quoting *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 2010 U.S. 37404, at *6 (D. Md. 2010)). If the evidence was previously available, "a party may not rely on new evidence to amend a previous judgment unless there is a valid reason the party did not present the evidence earlier." *Id.* The Louers maintain that they did not present the cell phone record earlier because First American mentioned the occurrence of two phone calls for the first time in its Reply brief. (ECF No. 100 ¶ 3; *See* ECF No. 99 at 3). Accepting that the phone record's significance was not previously apparent, the court will consider it.

While Mr. Schupak's phone record memorializes one call, it does not establish that no other calls occurred that day. For that purpose, both counsel must rely on their memories. The court will not, on such a basis, conclude that Mr. Neal's memory is flawed or that he does not take his ethical obligations to the court as seriously as does Mr. Schupak. (*See* ECF No. 116 at 9). The court accordingly declines to find that Mr. Neal misrepresented details of his July 13, 2011, communication with Plaintiffs' counsel.

The Louers also contend that the court's original imposition of sanctions was erroneous because "the two subpoenas on which sanctions were based were never served upon the banks at issue." (ECF No. 116 at 8). This is not a new argument, having been argued in the original

motion.  (ECF No. 68-1 at Ex. 16.)[2]  The fact remains, and the Louers acknowledged, that the subpoenas were issued improperly.  (ECF No. 68 at 11-12).  The fact that they were never served does not alter the refusal to withdraw them, a sanctionable act which required First American to incur the expense of a motion to quash.  (*See* ECF No. 68-1 at Ex. 26).

**IV.     Conclusion.**

For the foregoing reasons, the Louers' request that the court reconsider its order awarding attorney's fees in the amount of $4,623.15 to defendant First American, will, by separate order, be granted, and the original order affirmed.


Date:  March 28, 2012                                                                    /S/
                                                                             JILLYN K. SCHULZE
                                                                         United States Magistrate Judge

---

[2] The original motion also acknowledged that a third improper subpoena was served and documents produced in response.  (ECF No. 68-1 at 16).