**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DWIGHT LOUERS, et al.                          *
                                               *
v.                                             *      **Civil No. JKS-10-2292**
                                               *
SHANITA R. LACY, et al.                        *
                                               *

**MEMORANDUM OPINION**

 Presently pending and ready for resolution are Transcontinental's motion for leave to file a supplemental motion for summary judgment (ECF No. 131) and, if granted, Transcontinental's supplemental motion for summary judgment (ECF No. 132).[1]  No hearing is necessary.  For reasons outlined below, the court will grant Transcontinental's first motion (ECF No. 131) and deny its second motion (ECF No. 132).

**I.** **Standard of Review.**

 Rule 6 of the Federal Rules of Civil Procedure governs requests to file belated motions. Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  "'Excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'"  *Jarvis v. Analytical Lab. Servs.*, 2011 U.S. Dist. LEXIS 93776 at *8 (D. Md. Aug. 19, 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993)).  "Rather, it may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit."  *Id.* (citations and quotation marks omitted).

---

[1] Throughout this opinion, references to "Transcontinental" include Transcontinental Title Company and First American Title Insurance Company.

Rule 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Maracich v. Spears*, 675 F.3d 281, 291 (4th Cir. 2012) (citation omitted). "The moving party is 'entitled to judgment as a matter of law' when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial." *Id.* "In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id.*

## II. Background.

Plaintiffs, Dwight and Faith Louers, filed an amended complaint against Transcontinental, alleging Fraud (Count I), a violation of Maryland's Protection of Home in Foreclosure Act of 2005 (PHIFA) (Count II), unjust enrichment (Count III), and negligence (Count IV). ECF No. 47. The court granted Transcontinental's motion for summary judgment (ECF No. 119) as to Counts I and IV and denied the motion as to Counts II and III. (ECF No. 129). The court granted judgment as to Count IV (negligence) for two reasons: (1) Plaintiffs failed to establish that Transcontinental owed them a duty and (2) Plaintiffs failed to establish proximate cause between Transcontinental's conduct and plaintiffs' injury. Transcontinental's supplemental motion for summary judgment argues that judgment should be granted as to Count II (PHIFA) for one of the reasons judgment was granted as to Count IV: namely, that Plaintiffs' injury was not proximately caused by Transcontinental's alleged misconduct. Transcontinental argues that the causation analysis under a PHIFA claim is the same as the causation analysis

under a common law negligence claim.  Plaintiffs argue that establishing a PHIFA claim does

not require a showing of proximate cause.

**Discussion.**

    *A.  Transcontinental's request to file a belated supplemental motion*

    Transcontinental argues that the court should consider its supplemental motion because

the court's analysis of Plaintiffs' negligence claim "disposes of the damages claimed by the

Plaintiffs under the PHIFA statute."  (ECF No. 132 at 1).  While Transcontinental admits that it

did not argue proximate cause with regard to the PHIFA claim in its summary judgment motion,

it nonetheless contends that the court should consider the supplemental motion "based upon the

Court's ruling on [its] prior motion for summary judgment."  (ECF No. 131 at 2).  Plaintiffs

assert that there is no justification for Transcontinental's delay in raising the proximate cause

argument as it relates to PHIFA.  (ECF No. 134 at 4).

    The court will allow Transcontinental to file its supplemental motion for summary

judgment.  The supplemental motion is based solely on the court's analysis in the previous

memorandum opinion, *see* ECF No. 129, and the court does not believe that Transcontinental is

filing a superfluous motion in bad faith.  Transcontinental filed the motion immediately after the

court issued its previous opinion and Plaintiffs have shown no prejudice.  The court will thus

consider Transcontinental's argument that Plaintiffs must establish proximate cause to succeed

on the PHIFA claim.

    *B.  Causation under PHIFA*

    Transcontinental argues that Plaintiffs' PHIFA claim cannot be sustained because

Plaintiffs have failed to show that their injury was proximately caused by a PHIFA violation.

Although Transcontinental concedes that "[t]here does not appear to be any case law defining

proof of damages under PHIFA," *see* ECF 132 at 3, it insists that the proximate cause analysis used in the common law negligence context should apply in the context of a PHIFA claim. To support this assertion, Transcontinental compares PHIFA to the Maryland Consumer Protection Act (MDCPA) and the Real Estate Settlement Procedures Act (RESPA), both of which, according to Transcontinental, require proof that the damages were "proximately" caused by the statutory violation. (ECF No. 132 at 5). The court does not accept Transcontinental's position.

"PHIFA was enacted in 2005 as emergency legislation in order to protect financially distressed homeowners from con artists who would convince the owners to transfer title to their property to 'investors' and enable the scammer to take the equity in the home or the value of the house less the money owed on it." *Julian v. Buonassissi*, 414 Md. 641, 673 (2010). PHIFA is a remedial statute. *Cathey v. Bd. of Review, Dep't of Health & Mental Hygiene*, 422 Md. 597, 605 (2011) ("Under Maryland law, statutes are remedial in nature if they are designed to correct existing law, to redress existing grievances and to introduce regulations conducive to the public good."). As a remedial statute, PHIFA must be interpreted liberally in favor of the claimants. *Id.*

PHIFA states that "a homeowner may bring an action for damages incurred as the result of a practice prohibited by [PHIFA]." RP § 7-320(a) (2007). The statute does not mention proximate cause, nor does any case law hold that a PHIFA plaintiff must satisfy the traditional notions of proximate cause required in a negligence claim. Rather, when comparing this statute with the causation law applicable to negligence cases, *see* ECF No. 129 at 14, it becomes clear that this statute requires causation-in-fact rather than proximate cause. Reading a proximate cause requirement into PHIFA would require the plaintiff to show that the harm suffered was a foreseeable result of the alleged conduct. PHIFA does not contemplate foreseeability, and the court will not create an unspecified hurdle when interpreting a remedial statute. In addition, if

PHIFA was construed to contain a proximate cause requirement, it would provide little or no relief not available in a common law negligence action.  Such a result would be inconsistent with the protective and remedial purposes of the statute.  Transcontinental's argument thus fails.

In addition, Transcontinental's reliance on MDCPA and RESPA is misplaced.  MDCPA protects consumers from deceptive practices in connection with the sale of property.  Its language pertaining to damages states that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title."  MD. CODE ANN. COM. LAW § 13-408(a).  Transcontinental argues that, under this language, a court looks only to "'actual loss or injury caused by the unfair or deceptive trade practices.'"  *Citaramanis v. Hallowell*, 328 Md. 142, 158 (1992) (quoting *Golt v. Phillips*, 308 Md. 1, 12 (1986)).  However, a requirement to show actual damages is not synonymous with a requirement to show proximate cause.  In fact, the *Citaramanis* Court does not even mention proximate cause.  Transcontinental's comparison of PHIFA to MDCPA is not helpful to its position.

Transcontinental's attempt to analogize PHIFA to RESPA falters as well.  Congress enacted RESPA to protect real estate consumers "'from unnecessarily high settlement charges caused by certain abusive practices that had developed in some areas of the country.'"  *Boulware v. Crossland Mortg. Corp.*, 291 F.3d 261, 267 (4th Cir. 2002) (quoting 12 U.S.C. § 2601(b)(2)).  One who violates RESPA is liable to the borrower for "any actual damages as a result of the failure."  12 U.S.C. § 2605(f).  Again, no case in the Fourth Circuit has required a plaintiff to establish proximate cause in the context of a RESPA claim.  Transcontinental presents one unreported bankruptcy case, *In re Holland*, 2008 WL 4809493, *9 (Bankr. D. Mass. 2008), which states, in the context of an issue not comparable to the issue here, that "[t]he Plaintiff must establish that the economic injury was proximately caused by the bank's violation of the Real

Estate Settlement Procedures Act."  The court is unwilling to use this isolated statement, which applies solely to a Federal statute, to establish a new interpretation of State law.

In sum, a successful PHIFA claim does not require a showing of proximate cause. Rather, it requires proof of damages resulting from a violation.  Plaintiffs have sufficient evidence to proceed on this claim.


Date:  November 6, 2012                          _____/s/_____
                                                                  JILLYN K. SCHULZE
                                                                  United States Magistrate Judge